UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBIN ANN SPURLOCK,

        **Plaintiff,**

                                **Case No. 2:14-cv-00499**
    **v.**                       **JUDGE GREGORY L. FROST**
                                  **Magistrate Judge Norah McCann King**

COMMISSIONER OF
SOCIAL SECURITY,

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation dated December 2, 2014 ("R&R") (ECF No. 16), and Plaintiff's objection thereto (ECF No. 17). In the R&R, the Magistrate Judge recommended that the Court affirm the Commissioner's decision denying benefits and dismiss this action. For the reasons that follow, the Court **OVERRULES** the objection, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's complaint.

### I.      BACKGROUND

Plaintiff applied for disability benefits on September 19, 2012, alleging that she has been disabled since February 12, 2009. An administrative law judge ("ALJ") held a hearing on Plaintiff's application on November 8, 2012 and concluded that Plaintiff was not disabled within the meaning of the Social Security Act. That decision became the Commissioner of Social Security's final decision. Plaintiff filed the present lawsuit seeking review of that decision pursuant to 42 U.S.C. § 405(g).

1

The sole issue before the Magistrate Judge was whether the ALJ erred in concluding that Plaintiff's pain allegations were not credible.  (ECF No. 12, at PAGEID # 634.)  In drawing that conclusion, the ALJ outlined the two-step process used to evaluate a claimant's symptoms: (1) the ALJ must determine where there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms, and (2) if so, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning.  (ECF No. 16, at PAGEID # 662–63.)  The ALJ stated: "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must make a finding on the credibility of the statements based on a consideration of the entire case record."  (*Id*. at PAGEID # 663.)

Applying those legal principles, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible.  The ALJ analyzed several objective medical findings and concluded that they did not support the extreme symptoms and limitations that Plaintiff alleged.  As further support for that conclusion, the ALJ noted that Plaintiff had opted to pursue conservative treatment (with no surgical intervention), obtained relief from medication, and was able to perform daily activities such as cooking, dishes, and laundry.  Finally, the ALJ considered the psychiatric evidence in the record and concluded that such evidence did not support Plaintiff's allegations.

Plaintiff argued to the Magistrate Judge that the ALJ improperly relied on objective medical evidence without considering the additional factors set forth in SSR 96-7p.  In rejecting that argument, the Magistrate Judge stated:

> The administrative law judge noted and followed the appropriate standards, performed an appropriate evaluation of the evidence, and clearly articulated the bases of her credibility determination. It was not improper for the administrative law judge to evaluate the objective medical evidence in evaluating plaintiff's credibility, *see* SSR 96-7, 1996 WL 374186 (July 2, 1996)*,* and the administrative law judge specifically addressed plaintiff's activities of daily living.  The administrative law judge devoted more than three pages to her consideration of plaintiff's subjective complaints, *PAGEID* 69-72, but nevertheless found that those complaints were not entirely credible. The analysis and credibility determination of the administrative law judge enjoy substantial support in the record. The Court will not – and indeed may not – revisit that credibility determination. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

(ECF No. 16, at PAGEID # 665.)  The Magistrate Judge therefore recommended that the Court affirm the Commissioner's decision and dismiss Plaintiff's complaint.

Plaintiff timely objected to the R&R.  The Court considers that objection below.

## II.     ANALYSIS

### A.  Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

3

conclusive.").  A decision supported by substantial evidence therefore is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The substantial evidence standard " 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.' "  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted).

### B.  Plaintiff's Objection

Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ followed the requirements of SSR 96-7p, 20 C.F.R. §§ 404.1529(c)(3), and 416.929(c)(3) in finding that Plaintiff's pain allegations were not credible.  Specifically, Plaintiff argues that the ALJ did not consider Plaintiff's allegations and testimony, improperly discounted Plaintiff's stated daily activities on the ground that they were not borne out by the objective evidence, and failed to consider the following factors:  the location, duration, frequency, and intensity of Plaintiff's pain, factors that precipitate or aggravate Plaintiff's symptoms, the type, dosage, effectiveness and side effects of the medication Plaintiff takes to alleviate her pain, the treatment (other than medication) that Plaintiff has received, and any measures other than treatment Plaintiff uses or has used to relieve pain.  Plaintiff concludes that the ALJ committed reversible error by failing to perform a proper credibility and pain analysis.

4

The Court finds Plaintiff's objection to be without merit.  Although Plaintiff cites additional factors that an ALJ is required to consider in addition to the objective medical evidence pursuant to SSR 96-7p, those factors must be viewed in connection with SSR 96-7p's requirement that an ALJ consider "the credibility of the individual's statements based on a consideration of the entire case record."  SSR 96-7p, 1996 WL 374186, at *2.  Plaintiff does not point to any specific evidence in the case record that the ALJ should have, but did not, consider.  Moreover, the ALJ's written decision suggests that the ALJ did consider some of the factors Plaintiff cites where the case record contained evidence of those factors, such as the effectiveness of medication in treating Plaintiff's symptoms and the fact that Plaintiff had not pursued surgery to relieve her pain.  Plaintiff fails to demonstrate reversible error in this regard.

Plaintiff also argues that the ALJ discounted her testimony regarding daily activities because it was not borne out by the objective medical evidence, but that argument mischaracterizes the ALJ's written decision.  Although the ALJ noted that "the objective findings in the record do not support any extreme limitations in the claimant's ability to perform activities of daily living," (ECF No. 9, at PAGEID #71), the ALJ went on to note that Plaintiff testified that "she does her own cooking, dishes, laundry, shopping, and bill paying," (*id.*), thereby bolstering the ALJ's conclusion that Plaintiff's complaints of extreme limitations were not entirely credible.  The Court finds no reversible error in this analysis.

Plaintiff's final argument is that the ALJ merely restated one paragraph of Plaintiff's testimony without analyzing that testimony and/or explaining why it lacked credibility.  The Court disagrees.  After summarizing Plaintiff's testimony regarding her limitations, the ALJ went on to devote several pages of reasoning explaining why that testimony was not entirely

credible.  The Court again finds no reversible error in this analysis.  The Court therefore finds no reason to reject or modify the Magistrate Judge's conclusions in the R&R.

**III.     CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection (ECF No. 17), **AFFIRMS** and **ADOPTS** the R&R (ECF No. 16), and **DISMISSES** Plaintiff's complaint.  The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE